John A. Bailey, Jr. (ISB #2619)
Julian Gabiola  (ISB #5455)
Jetta Hatch Mathews  (ISB # 8468)
HAWLEY TROXELL ENNIS & HAWLEY LLP
412 West Center Street
Pocatello, ID  83204
Telephone  (208) 233-2001
Facsimile  (208) 232-0150
jgabiola@hawleytroxell.com
jmathews@hawleytroxell.com
jbailey@hawleytroxell.com

Attorneys for Defendants Boise City Housing Authority and Ada County Housing Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARON GALLOWAY, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>BOISE CITY/ADA COUNTY HOUSING AUTHORITIES,  a public corporation, CITY OF BOISE, a municipality, ADA COUNTY, a publis corporation,<br><br>        Defendants. | Civil No. 1:20-cv-136-CWD<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Defendants Boise City Housing Authority and Ada County Housing Authority, by and though their attorneys of record and hereby answer and respond to Plaintiff's Complaint and Demand for Jury Trial ("Complaint") as follows:

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## I. FIRST DEFENSE

Plaintiff's Complaint must be dismissed because it fails to state a claim up on which relief may be granted.

## II. SECOND DEFENSE

Defendants deny each and every allegation not expressly admitted herein.

### A. PARTIES, JURISDICTION, AND VENUE

1. Responding to paragraph 1, Defendants admit that Plaintiff was at all material times employed by the Boise City/Ada County Housing Authorities, and at the time of her employment was a resident of Boise. Defendants lack sufficient information to admit or deny the remaining allegations and therefore deny.

2. Responding to paragraph 2, Defendants admit that Ada County Housing Authority is a public corporation under Idaho Code section 31-4205 which is separate and apart from Ada County and not an agency thereof. These Defendants admit that its principal place of business is located at 1001 S. Orchard Street, Boise, Idaho, 83705. Defendants deny that there is any such corporate entity as the Boise City/Ada County Housing Authorities and all remaining allegations in paragraph 2.

3. Paragraphs 3-5 are legal statements to which no response is required from the Defendants, however, to the extent a response is deemed necessary, the Defendants deny the allegations.

### B. GENERAL ALLEGATIONS

4. Responding to paragraph 6, Defendants admit that Plaintiff was an employee of BC/ACHA since December 1992. Defendants deny the remaining allegations.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

5.  Responding to paragraph 7, Defendants admit that Plaintiff used FMLA leave in November 2013, Defendants lack sufficient information to admit or deny the remaining allegations and therefore deny.

6.  Responding to paragraph 8, Defendants admit that another employee was undergoing cancer treatment at the time that Plaintiff was exercising FMLA leave, and the housing authority was moving offices. Defendants deny the remaining allegations.

7.  Responding to paragraphs 9-11, Defendants deny all allegations.

8.  Responding to paragraph 12, Defendants admit that Plaintiff received a write-up from Ms. DeThorne, which write-up speaks for itself, and was placed on a performance improvement plan. Defendants deny any attempt to mis-characterize the write-up. Defendants further deny the remaining allegations and that Plaintiff's conduct did not adversely affect her job performance.

9.  Responding to paragraph 13, Defendants admit that Plaintiff's performance while on the PIP was inadequate and did not reflect progress on the PIP. Defendants deny all remaining allegations.

10. Responding to paragraph 14, Defendants lack sufficient information to admit or deny and therefore deny.

11. Responding to paragraph 15, Defendants deny that there was any workplace harassment from Plaintiff's colleagues or any workplace discrimination. Defendants lack sufficient information to admit or deny the remaining allegations and therefore deny.

12. Responding to paragraph 16, Defendants admit that Plaintiff completed FMLA forms and paperwork and submitted a formal application on July 2, 2019. Defendants deny all remaining allegations.

13. Responding to paragraphs 17-18, Defendants deny all allegations.

14. Responding to paragraph 19, Defendants admit that the Notice of Tort Claim was timely served, and deny the remaining allegations of said paragraph.

### C. Causes of Action

15. Responding to paragraph 20, Defendants incorporate their responses to paragraphs 1-19 as if fully set forth herein.

16. Responding to paragraph 21, Defendants deny the allegations.

17. Responding to paragraph 22, Defendants admit that they were aware of Plaintiff's intention to take FMLA leave prior to July 2, 2019, and Defendants deny all remaining allegations.

18. Responding to paragraphs 23-26, Defendants deny each and every allegation.

19. Responding to paragraph 27, Defendants incorporate their responses to paragraphs 1-26 as if fully set forth herein.

20. Responding to paragraphs 28-32, Defendants deny each and every allegation.

### D. DEMAND FOR TRIAL BY JURY

21. Responding to paragraph 33, no response is required.

### E. PRAYER FOR RELIEF

22. Defendants deny that Plaintiff is entitled to any of the relief requested.

### III. THIRD DEFENSE

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress, or any disability, are barred and preempted by the exclusivity provision of the Idaho worker's compensation law.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

## IV. FOURTH DEFENSE

Plaintiff is barred from recovering any damages, and/or any recovery for damages must be reduced, to the extent that she failed to exercise reasonable diligence to mitigate her alleged damages.

## V. FIFTH DEFENSE

Plaintiff was not entitled to FMLA leave because she failed to provided the required notice prior to seeking FMLA leave for a foreseeable medical condition.

## VI. SIXTH DEFENSE

Plaintiff's claims are barred, or she is precluded from recovering damages, to the extent that Defendants learn through after-acquired evidence that she engaged in any other misconduct that, if known, would have caused Plaintiff to be terminated.

## VII. SEVENTH DEFENSE

To the extent that Plaintiff demonstrates any protected activity was a factor for any challenged employment action, which Defendants specifically deny, Defendants would have taken the same action absent such factor. As a result, Plaintiff cannot establish her claims under the FMLA or Idaho common law.

## VIII. EIGHTH DEFENSE

The Complaint, and each purported claim contained therein, are barred in whole or in part because Defendants had an honest, reasonable, and good-faith belief in the facts on which it based its acts, omissions, and conduct taken with respect to Plaintiff and that the actions taken were not a violation of the FMLA.

## IX. NINTH DEFENSE

The Complaint, and each purported claim contained therein, are barred in whole or in part because the alleged conduct about which Plaintiff complains was not based on any

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

protected activity, but was based on one or more legitimate business reasons.

## X.     TENTH DEFENSE

Any and all conduct of which Plaintiff complains, or which is attributable to Defendants and/or their agents or employees, was a just and proper exercise of management discretion undertaken for fair and honest business reasons.

## XI.    ELEVENTH DEFENSE

Defendants are entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and/or from any benefit plans of Defendants, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

## XII.   TWELFTH DEFENSE

Defendants allege on information and belief that if Plaintiff suffered any loss, damage or legal detriment, such loss, damage or legal detriment was directly and proximately caused and/or contributed to by intervening causes, events, and/or actions of third parties, or the actions of Plaintiff, over which Defendants had no control, and which was beyond the power or ability of Defendants to foresee, to prevent or to ameliorate. Therefore, Plaintiff should not recover against Defendants for any loss, damage or legal detriment, so caused or so enhanced.

## XIII.  THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including, but not limited to, Idaho Code section 5-219, 29 U.S.C. Section 2617(c)(1).

## XIV.   FOURTEENTH DEFENSE

Plaintiff's claims are subject to the non-economic damages cap, Idaho Code section 6-1603.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

## XV. FIFTEENTH DEFENSE

Plaintiff's claims are subject to the comparative fault provisions of Idaho Code section 6-801.

## XVI. SIXTEENTH DEFENSE

Plaintiff's Complaint, and each and every claim purported to be alleged therein, is barred by the doctrines of unclean hands, waiver, estoppel or other equitable defenses.

## XVII. RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, unstated defenses available to it. Defendants thus reserve the right to assert additional defenses in the event discovery and further investigation indicate they would be appropriate.

## XVIII. PRAYER FOR RELIEF

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by the Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff on all claims;

3. That Defendants be awarded reasonable attorneys' fees according to proof;

4. That Defendants be awarded costs of suit incurred herein; and

5. That Defendants be awarded such other and further relief as the Court may deem appropriate.

## XIX. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a trial by jury of not less than 12 jurors on all issues so triable.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

DATED this 13th day of April, 2020.

                                           HAWLEY TROXELL ENNIS & HAWLEY LLP

                                           By: /s/ Julian E. Gabiola
                                              John A. Bailey
                                              Julian E. Gabiola
                                              Attorneys for Defendant Boise City/Ada
                                              County Housing Authority.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2020, I caused a true and correct copy of the foregoing **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** to be served by the method indicated below, and addressed to the following:

| | |
|---|---|
| Jeffrey J. Hepworth<br>J. Grady Hepworth<br>HEPWORTH LAW OFFICE<br>2229 W. State Street<br>P.O. Box 2815<br>Boise, ID 83701-2815<br>Telephone: (208) 333-0702<br>Facsimile: (208) 246-8655<br>courtservice@idalawyer.com | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>( X) ICourt |

/s/ Julian E. Gabiola
John A. Bailey
Julian E. Gabiola

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 9**